Dale M. Caselton v. Commissioner.
Caselton v. Commissioner
Docket No. 78477.
United States Tax Court
T.C. Memo 1960-233; 1960 Tax Ct. Memo LEXIS 55; 19 T.C.M. (CCH) 1310; T.C.M. (RIA) 60233; October 31, 1960
Dale M. Caselton, 1220 Eastridge Drive, Lincoln, Neb., pro se. Richard J. Shipley, Esq., for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: The respondent determined a deficiency in petitioner's income tax for 1957 in the amount of $155. The only question in the case is whether petitioner is entitled in 1957 to a dependency exemption under section 151, Internal Revenue Code of 1954, [1] by providing over half the support of his minor daughter by a prior marriage. Petitioner, a resident of Lincoln, Nebraska, filed a joint Federal income tax return with his present wife, Edna I. Caselton, *56 for the year 1957 with the district director of internal revenue at Omaha, Nebraska. Petitioner claimed a dependency exemption in the 1957 joint return for his four minor children by a prior marriage. Respondent determined that he was not entitled to an exemption for Teresa, one of the four children. Respondent contends that petitioner has not established the total cost of Teresa's support in 1957 and that consequently the petitioner has not met his burden of showing that he provided over half of the support for her in that year in order to be entitled to the dependency exemption under sections 151 and 152. We agree with the respondent. Petitioner appeared pro se at the trial and he alone testified. There is no other evidence. Petitioner was divorced in October 1956 and during 1957 the four children lived with their mother and visited the petitioner at various times throughout the year. Under the divorce decree the petitioner was ordered to pay support for the children in the amount of $200 a month. Petitioner testified that in 1957 he paid $2,425 to his former wife for such support. He also testified that he spent additional amounts of $568 and $414 for the children's support, *57 although apart from his testimony there is nothing in the record to verify these additional amounts or to indicate the nature of the expenditures. There is no evidence to establish the total cost of Teresa's support in 1957, and there is no evidence to even show the total cost of support for all four children. All that we are told is that the petitioner paid these amounts for all four of the children, ranging from 12 to 5 years of age in 1957. Teresa was the youngest. The record shows that petitioner's former wife claimed a dependency exemption for Teresa in 1957, but for none of the other children, and that she was required to make child-care expenditures for Teresa in that year. Petitioner attempted to show, through his testimony alone, what his former wife could conceivably have expended on the four children in 1957. He testified that "She could have made a maximum of $3,000" in 1957 and that it would be impossible for his former wife to pay more for the children's support than he did. The testimony is filled with conjectures and mere opinions of the petitioner. Such opinions and conjectures are not sufficient to establish the total cost of support for the four children, let alone *58 to establish the total cost of support for Teresa in 1957. We hold that petitioner has not shown that he provided over half of Teresa's support in 1957, and therefore is not entitled to a dependency exemption for her in 1957. Sections 151, 152. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩